## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGG MARCHAND,<br><br>               Plaintiff,<br>  v.<br><br>ERIK SIMONSON, CITY OF<br>    WILLIMANTIC, TOWN OF<br>    WINDHAM,<br><br>               Defendants. | 3:11-CV-348(CSH) |

## <u>ORDER ON REQUEST FOR SPECIAL HEARING</u>

HAIGHT, Senior District Judge:

Plaintiff Gregg Marchand has filed a Request for Special Hearing [Doc. 53]. He seeks a hearing as the result of a discovery dispute between himself and Defendants. In that Request and two filings in its support [Docs. 60, 63], Plaintiff asserts that Defendants must possess items that he refers to as a "firing report" (or a "full and complete record of all taser activations") and "associated video clips." He further asserts that a forensic scientist, Robert Sanderson, can testify to the fact that such items should exist and should be available as evidence. Defendants have filed an Objection to that Request [Doc. 57], asserting that no such items are in their possession apart from a video already provided to Plaintiff.

In pre-trial discovery proceedings, no party can be ordered to produce documents or objects which that party does not possess or control. No discovery order or hearing is appropriate unless and until Plaintiff makes a sufficient showing that the Court should not accept Defendants' assertion that no such items exist that have not been provided to Plaintiff. The burden lies on Plaintiff to show

probable cause to believe that such items exist and are in Defendants' possession and control.  *See Moore v. McMullen*, 152 F.3d 927, *1 (9th Cir. 1998) [Table, text at 1998 WL 416105] (party seeking discovery has the burden to show that the evidence it seeks exists); *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989) (party seeking production of documents bears the burden of showing that the opposing party has control over such documents).

Consequently, the Court will consider the matter further if and when Plaintiff files a detailed affidavit from Mr. Sanderson, or an equivalent expert, setting forth his reasons for believing that such items exist and could be produced by Defendants.  Any such affidavit shall be filed no later than August 28, 2012.  If such an expert's affidavit is submitted, Defendants may respond to it within a week after the affidavit is filed, and the Court will then decide whether a hearing shall be held.  If no such affidavit is filed by Plaintiff, there will be no occasion for any hearing on the subject.

SO ORDERED.

Dated: New Haven, Connecticut
August 14, 2012

   /s/  Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

-2-