UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREGG MARCHAND,<br><br>        Plaintiff,<br>v.<br><br>ERIK SIMONSON, CITY OF WILLIMANTIC, and TOWN OF WINDHAM,<br><br>        Defendants. | 3:11 - CV - 348 (TLM)<br><br><br><br>AUGUST 20, 2013 |

### RULING ON DEFENDANTS' MOTIONS TO CONTINUE HEARING AND TO PRECLUDE PLAINTIFF'S EXPERT, ROBERT SANDERSON

**HAIGHT, Senior District Judge:**

Defendants' motions [Doc. 118] and [Doc. 120] to continue the Special Hearing in this case, previously scheduled for August 21, 2013, for the purposes of taking the testimony of two defense witnesses, Henry Minor and Ian Brown respectively, are GRANTED, there being no objection. The Hearing will resume for the purposes of taking that testimony at 10:00 a.m. on Thursday, August 29, 2013. All other witnesses will testify as previously scheduled.

Defendants' motion [Doc. 119] to preclude the testimony of Plaintiff's proposed expert witness, Robert W. Sanderson, is DENIED. The authorities Defendants submit in support of that motion relate principally to a party's proffered expert witness at a plenary trial on the merits of the case. In the case at bar, the Court is not conducting a trial, at least not this week. This is, as previously indicated, a "Special Hearing" called to consider a rather special set of circumstances,

1

technical in nature, that have arisen during the preliminary phases of fact-gathering and fact-disclosure: specifically, whether Defendants have and can produce a "firing report" and/or "native file" generated by police use of the taser in question at the time and place in question. *See* the Court's Ruling on Motion for Reconsideration and Scheduling Order [Doc. 78], filed on November 27, 2012.

While Defendants complain in their present motion that Mr. Sanderson's previously submitted affidavit "is wholly devoid of the qualifications of the witness," [Doc. 119] at 6, their counsel have had since August 9, 2013 at the very least (the date of the present motion) Mr. Sanderson's affidavit, in which he identifies himself as "President of Audio Video Forensic Lab. Inc., located at #3 Neptune Road, Poughkeepsie NY 12601." During the interim between then and now, Defendants and their attorneys have had the resources and energy to conduct due diligence research into Sanderson's qualifications, and presumably have done so.

Defendants assert correctly that Sanderson's affidavit does not fully comply with the pre-trial requirements for a written report of a proposed expert trial witness, as set forth in Fed.R.Civ.P. 26(a)(2)(A)-(B). That Rule would apply with full force if the hearing tomorrow was a trial, and Plaintiff proposed to call Sanderson as a trial expert witness. These particular circumstances may arise in future, but do not do so at present. The Court will hear Mr. Sanderson testify, and will derive from that testimony such assistance as may be discerned on the present issues. Counsel for Defendants may, of course, submit Mr. Sanderson to appropriate cross-examination, including without limitation the qualifications, factors and criteria specifically mentioned in the Rule. Nothing in this Ruling decides or intimates any view about whether Mr. Sanderson may testify on Plaintiff's behalf as a expert witness *at trial*, or have his testimony precluded by reason of Plaintiff's failure to

comply with the Rules of Civil Procedure.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
August 20, 2013

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge