UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------- X
Gregg Marchand,

                              Plaintiff,        **MEMORANDUM RULING**
                                                        **AND ORDER**
        -against-                                 Case No. 11-cv-348 (TLM)

Erik Simonson, City of Willimantic,
and Town of Windham,

                              Defendants
---------------------------------------------------------------- X

      Before the Court is plaintiff's Motion to Amend the Complaint [Rec. Doc. 187], filed on May 5, 2014, defendants' objection thereto [Rec. Doc. 189], plaintiff's Memorandum of Law in Support of his Motion to Amend [Rec. Doc. 192] and defendants' Memorandum of Law in Support of Opposition to plaintiff's Motion to Amend [Rec. Doc. 193]. Plaintiff seeks to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) in order to add a *Monell* claim against the Town of Windham based on an unconstitutional taser use policy. [Rec. Doc. 187 at 1]. By minute entry dated June 3, 2014 [Rec. Doc. 198], the attorneys for the parties were advised that plaintiff's Motion would be denied. The Court's reasons for denying plaintiff's Motion follow.

      Plaintiff filed this proceeding pro se on March 7, 2011. [Rec. Doc. 1]. Plaintiff's pro bono counsel was appointed [Rec. Doc. 108] and entered his Notice of Appearance [Rec. Doc. 109] on June 3, 2013.

      Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Willimantic police officer Erik Simonson ("Simonson"), the City of Willimantic

("Willimantic"), and the Town of Windham ("Windham")[1] alleging that defendants violated his federal constitutional rights. Following the Court's April 28, 2014 Ruling and Judgment on Defendants' Motion for Summary Judgment [Rec. Docs. 184 and 185], the only remaining claims are against defendant Simonson, in his individual and official capacity, for Fourth Amendment excessive force pursuant to 42 U.S.C. § 1983 and Connecticut state law trespass. A detailed factual and procedural history of the case can be found in the Court's Ruling on Summary Judgment. [Rec. Doc. 184 at 1-6].

The Court previously considered plaintiff's *purported Monell* claim based on an unconstitutional taser use policy in its April 28, 2014 Ruling on Summary Judgment [Rec. Doc. 184]. At that time, the Court found that although plaintiff had listed the claim in the parties' November 8, 2013 Second Joint Submittal [Rec. Doc. 144], plaintiff did not plead the claim in his Amended Complaint [Rec. Doc. 23] and plaintiff's counsel did "not point to any section of the amended complaint which could possibly be construed to raise a *Monell* claim based on an unconstitutional taser use policy, or any section of the amended complaint that mentions taser use policy at all," [Rec. Doc. 184 at 11]. Finding that neither the claim nor sufficient facts to support such a claim had been pled, the Court granted defendants' summary judgment motion based on plaintiff's *purported Monell* claim for unconstitutional taser use policy. [Rec. Doc. 184 at 11-12]. Plaintiff now seeks to amend his complaint to actually add a *Monell* claim against one of the defendants, the Town of Windham, for an unconstitutional taser use policy.

**LEGAL STANDARD**

In deciding a motion to amend, a district court,

---

[1] Plaintiff's original complaint named the Willimantic Police Department ("Police Department") as a defendant. [Rec. Doc. 1]. On July 22, 2011, United States District Judge Charles S. Haight granted plaintiff leave to amend his complaint to substitute Windham for the Police Department. [Rec. Doc. 15]. On August 22, 2011, plaintiff filed his amended complaint [Rec. Doc. 23] naming Willimantic and Windham as defendants and removing the Police Department as a defendant. Plaintiff's Motion to Amend seeks only to add a claim against Windham.

> in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."). Although a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the factors set out in *Foman* sometimes weigh against allowing the proposed amendment.

Regarding timing, "[w]hen a motion is made after discovery has been completed and a motion for summary judgment has been filed, leave to amend is particularly disfavored because of the resultant prejudice to defendant." *CL-Alexanders Laing & Cruickshank v. Goldfeld*, 739 F. Supp. 158, 167 (S.D.N.Y. 1990) (citing *Ansam Ass., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)). "Courts have typically found amendments to be prejudicial in circumstances where discovery has been completed and the case is near or on the eve of trial." *Davis v. Conn. Cmty. Bank, N.A.*, 937 F. Supp. 2d 217, 238-39 (D. Conn. 2013). Additionally, "[l]eave to amend may be denied where the movant appears to be raising a new claim in anticipation of an adverse ruling or to counteract a motion for summary judgment." *Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 105 (N.D.N.Y. 2010) (citing *Ansam*, 760 F. 2d at 446).

A proposed claim is futile if it does not state a "plausible claim for relief." *Nielsin v. Rabin*, 746 F.3d 58, 64 (2d Cir. 2014). "[I]f no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim," then a court should deny the proposed claim. *In re Helicopter Crash Near Wendle Creek, British Columbia*,

3

3:04md1649(SRU), 2009 WL 1391422, at *1 (D. Conn. May 18, 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

> [When] the parties have fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have presented all relevant evidence in support of their positions . . . the court may deny the amendment as futile when the evidence in support of plaintiff's proposed new claim created no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c).

*Milanese v. Rust-Oleum Corp.*, 244 F. 3d 104, 110 (2d Cir. 2001).

**DISCUSSION**

Regarding the possible prejudice to defendants due to the timing of plaintiff's motion, plaintiff's counsel states that he did not previously seek to amend the complaint because he "had more liberally interpreted the *pro se* complaint to allege" the proposed *Monell* claim and that, since his appointment as plaintiff's counsel in June 2013, he has "conducted fact discovery . . . with an eye to this claim." [Rec. Doc. 187-1 at 1-2]. Plaintiff argues that the proposed amendment will not prejudice the defendants because they were aware that plaintiff sought to bring this claim from the time plaintiff raised it as an issue in his initial opposition to Summary Judgment on October 25, 2013 [Rec. Doc. 138] and because defendants have already addressed the merits of this claim in their motion for summary judgment. [Rec. Doc. 187-1 at 4, 6]. Plaintiff also asserts that no additional discovery or extensions of deadlines would be required if the Court were to grant the amendment because plaintiff has conducted discovery in anticipation of this claim and defendants will not need to conduct additional discovery as "evidence related to the *Monell* claim, by its very nature, is controlled by the municipality." [Rec. Doc. 187-1 at 5]. Defendants argue that granting plaintiff's motion to amend would be prejudicial as trial on the merits is scheduled to begin shortly, on June 16, 2014, and all deadlines for witness disclosure and discovery have passed. [Rec. Doc. 189 at 8]. Following discussion with the attorneys for the

4

parties during a May 12, 2014 telephone conference [*See* Rec. Doc. 190], during which defendants' attorney noted that he would not pursue additional discovery if plaintiff's motion was granted, the Court determined that the prejudice to defendants alone was not sufficient to warrant denying plaintiff's motion. However, the Court also advised the attorneys for the parties that if it were to grant plaintiff's motion, it would also grant a short two or three week continuance of the trial date in order to allow defendants to prepare more fully to defend against the proposed *Monell* claim [*See* Rec. Doc. 191].

As noted by plaintiff's and defendants' attorneys [Rec. Docs. 187-1 at 6 n3, 189 at 9, and 193 at 1], due to the uncertainty of whether plaintiff had properly pled a *Monell* claim at the summary judgment stage, both attorneys fully briefed plaintiff's *purported Monell* claim based on an unconstitutional taser use policy in their prior filings in connection with defendants' motion for summary judgment [Rec. Docs. 167-1 at 35-37 and 170 at 36-40]. Thus, the Court reviewed those filings,[2] in addition to the parties' memorandums of law regarding plaintiff's motion to amend [Rec. Docs. 187-1, 189, 192 and 193] in considering whether the proposed amendment is futile. Because the Court finds that summary judgment on plaintiff's proposed *Monell* claim would be appropriate in the event that plaintiff was allowed to amend his complaint to add a *Monell* claim against the Town of Windham for an unconstitutional taser use policy, the Court will deny the proposed amendment as futile. *See Milanese*, 244 F. 3d at 110.

In order to state a *Monell* claim for relief under 42 U.S.C. § 1983 against a municipal defendant, a plaintiff must allege the existence of an official policy or custom and a direct causal link between that policy or custom and his alleged deprivation of constitutional rights. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Plaintiff asserts that the Willimantic Police

---

[2] The attorneys for the parties, in their memorandums of law in support of and in opposition to plaintiff's motion to amend, request that the Court consider the arguments contained in their filings regarding defendants' motion for summary judgment. [Rec. Docs. 187-1 at 6 n3, 189 at 9, and 193 at 1].

Department's taser use policy is facially invalid, stating: "[t]he Town of Windham, through its decision-makers in the [Willimantic Police Department], adopted an unconstitutional taser use policy that was unconstitutional on its face because it provided that an officer may unqualifiedly use a taser to coerce compliance from a non-compliant individual." [Rec. Doc. 192 at 2]. Plaintiff argues that "[a] taser represents a significant degree of force, and as such its use is not objectively reasonable in all circumstances to control non-compliant individuals." *Id.* Unless mounting a First Amendment challenge, which plaintiff has not done, "a plaintiff can only succeed in a facial challenge 'by establish[ing] that no set of circumstances exist under which the [policy] would be valid,' i.e. that the [policy] is unconstitutional in all of its applications." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 459 (2008); *see also New York State Nat. Organization for Women v. Pataki*, 261 F.3d 156, 171 (2d Cir. 2001). Defendants assert that plaintiff has not met his burden of producing evidence or case law suggesting that the taser use policy in question is unconstitutional in all of its applications. [Rec. Doc. 193 at 4 (citing *Pataki*, 261 F.3d at 171)].

Although the use of a taser against non-compliant individuals may not be reasonable in *all* circumstances, it is reasonable in *some* circumstances. *See Crowell v. Kirkpatrick*, 400 Fed. Appx. 592, 595 (2d Cir. 2010) (use of taser to effectuate arrest on noncompliant individuals reasonable in some circumstances); *MacLeod v. Town of Brattleboro*, 2012 WL 1928656 at *7-8 (D. Vt., May 25, 2012) (use of a taser on noncompliant, noncombative subject was reasonable in light of the circumstances). Plaintiff relies heavily on *Amnesty America v. Town of West Hartford*, 361 F. 3d 113 (2d Cir. 2004) for the proposition that "allegations involving comparable amounts of force used during the arrest of a nonviolent suspect are sufficient to allow a reasonable factfinder to conclude that the force used was excessive." [Rec. Doc. 192 at

6

3-4 (citing *Amnesty*, 361 F. 3d at 123-24)]. However, the question here is not whether the use of a taser against a noncompliant individual could *ever* rise to the level of excessive force.[3] Rather, the question is whether the use of a taser against a noncompliant individual, as authorized by the taser use policy in question, would *always* rise to the level of excessive force.

After a review of the policy and relevant jurisprudence, the Court concludes that the use of a taser as authorized by the Willimantic Police Department taser use policy is not facially unconstitutional. The taser use policy provides that a taser may be used "whenever the use of non-lethal force is justified to control non-compliant or combative subjects and to protect the officer, subject and others from potential injury." [Rec. Doc. 192-1 at 2]. The policy further requires that "[a]s with other applications of force, the use must meet the test of reasonableness," instructs the officer to give a warning prior to deployment whenever possible, and sets out three specific situations – when a subject has come in contact with a flammable substance, when a subject is in a motor vehicle that is currently being operated, and when a subject is holding a firearm – in which taser use is discouraged. [*Id.* at 4-5]. Because taser use against a noncompliant individual is constitutionally permissible in some situations, and the Willimantic Police Department's taser use policy regarding taser use against noncompliant individuals is not "unconstitutional in all of its applications," plaintiff could not succeed on a *Monell* claim against the Town of Windham based on the Willimantic Police Department's allegedly unconstitutional taser use policy. *Washington State Grange*, 552 U.S. at 459.

Thus, based on the evidence in the record, the Court finds that plaintiff's proposed *Monell* claim against the Town of Windham for an unconstitutional taser use policy would be

---

[3] Indeed, in denying defendants' motion for summary judgment on plaintiff's excessive force claim against Officer Simonson, the Court determined that there is sufficient evidence in the record by which a reasonable fact finder could conclude that the use of force during plaintiff's March 8, 2008 arrest did rise to the level of excessive force.

futile as defendants would be entitled to summary judgment under Federal Rule of Civil Procedure 56(c) on such a claim. It is therefore

   **ORDERED** that plaintiff's Motion to Amend the Complaint [Rec. Doc. 187] is DENIED.

_____
Tucker L. Melançon
United States District Judge

June 14, 2014
Bridgeport, CT